(No. 75-CV-2—)

Thomas A. Kelly, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed April 15, 1975.*

Thomas A. Kelly, Claimant, pro se.

William J. Scott, Attorney General, for Respondent.

Per Curiam.

This claim arises out of a criminal offense that occurred December 29, 1973, at 2200 North Lincoln, Cook County, Chicago, Illinois. Thomas Anthony Kelly, victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act", *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This court has carefully considered the application for benefits submitted on the form prescribed and furnished by the court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the court, the court finds:

1. That the claimant, Thomas Anthony Kelly, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4.*)

2. That on December 29, 1973, claimant was beaten and stabbed by three men in the area of 2200 North Lincoln Avenue in Chicago, Illinois. Prior to the stabbing, claimant and a friend were walking home from the Earl of Old Town, 1615 North Wells in Chicago.

3. That statements taken by police investigators shortly after the crime was committed, present no evidence of any wrongful act or provocation by the claimant for the stabbing and beating.

4. That claimant walked to Children's Memorial Hospital, 2300 Children's Plaza, where he was given emergency First Aid. He was then transported to Grant Hospital by police car, where he was treated for his injuries by Dr. Fedor F. Banuchi. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the victim and his assailants were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant has cooperated with their requests for assistance. However, the assailants have not been identified at this time.

7. That the claimant seeks compensation for medical expenses and loss of earnings.

8. That the claimant was unable to work from December 31, 1973, to January 8, 1974, a total of 8 days.

9. That the claimant has proved to the Court's satisfaction that his loss of earnings compensable under the statute was $165.14.

10. That, in addition to loss of earnings, the claimant incurred medical and hospital expenses which were not covered by insurance benefits, and the amount of the pecuniary loss for these items is as follows:

| | | |
|---|---|---|
| 1) | Hospital | $ 930.55 |
| 2) | Medical | 675.00 |
| | | $1,605.55 |

11. That, in determing the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)".

12. That, in this claim before us, the claimant has not received any benefits from other sources. The statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶9 and 10, leaves a loss compensable under the Act of $1,570.69. Hence, the claimant is entitled to an award in the amount of $1,570.69.

I⊤ Is Hereby Ordered that the total sum of $1,570.69 be awarded to the claimant an innocent victim of a violent crime.

I⊤ Is Further Ordered that the sum of $999.99 (Nine Hundred Ninety-Nine Dollars and Ninety-Nine Cents) be paid immediately from the Court of Claims Fund to Thomas A. Kelly, as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $570.70 be referred forthwith to the General Assembly for its approval.